```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MATTHEW LARKIN,

                    Petitioner,
                                              MEMORANDUM AND ORDER
          -against-                           14-CR-0571(JS)

UNITED STATES OF AMERICA,

                    Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:     Matthew Larkin, pro se
                    #85294-053
                    Federal Correctional Institution
                    P.O. Box 1000
                    Otisville, New York 10963-1000

For Respondent:     Lara Treinis Gatz, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, New York 11722
```

SEYBERT, District Judge:

Matthew Larkin ("Petitioner") pled guilty to Count One, Robbery Conspiracy in violation of 21 U.S.C. §§ 1951(a) and 3551, and Count Two, Use of a Firearm in Furtherance of a Crime of Violence, in violation of 21 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 3551, pursuant to a Plea Agreement with the Government. (See Indictment, D.E. 11; Guilty Plea, D.E. 32.) Following his guilty plea, Petitioner was sentenced to a below Sentencing Guidelines term of time served on both counts, to run consecutive, equating to approximately forty-

two (42) months of imprisonment in total, followed by three (3) years of supervised release, concurrent. (See Sentencing, D.E. 79; J., D.E. 80; Gov't Resp., D.E. 111, at 2.) Thereafter, Petitioner was rearrested and charged with violating the terms of his supervised release. (See Violation of Supervised Release Report, D.E. 87.) Ultimately, Petitioner pled guilty to Count 8 of the Violation of Supervised Release Report and was sentenced to a term of twenty-two (22) months incarceration for the violation. (See Plea and Sent. Hr'g, D.E. 94; J., D.E. 95.)

On July 1, 2019, Petitioner, acting pro se, petitioned this Court to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 in light of U.S. v. Davis, 139 S. Ct. 2319 (2019). (See Pet., D.E. 108, at ECF p. 4; see generally U.S. v. Davis, --- U.S. ----, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019); see also U.S. v. Barrett, 937 F.3d 126 (2d Cir. 2019).) The Government does not oppose Petitioner's request to vacate his conviction on Count Two (Use of a Firearm in Furtherance of a Crime of Violence) in light of Davis and Barrett. (See Gov't Resp. at 2.) However, the Government does oppose vacatur of Petitioner's current sentence of twenty-two months imprisonment, on the grounds that Petitioner is currently serving a sentence for admittedly violating supervised release, which was imposed on both counts of Petitioner's conviction, and remains valid with respect to Count One (Robbery Conspiracy). (Gov't Resp. at 2-3.) In

reply, Petitioner clarified that he is specifically seeking that only Count Two of his conviction, Use of a Firearm in Furtherance of a Crime of Violence, be vacated, and agreed that his current sentence of imprisonment should continue as valid with respect to Count One of his conviction. (Pet'r Reply, D.E. 112.)

Accordingly, the Petition (D.E. 108) is GRANTED. The Clerk of the Court is directed to vacate Petitioner's conviction as to Count Two of the Indictment. Petitioner is hereby resentenced to a term of imprisonment of time served on Count Two. All other aspects of the original sentence remain in place. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Petitioner.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November  14 , 2019
      Central Islip, New York